# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KENDRICK DANE SELLERS,

        Plaintiff,

v.

TRACY L. THOMPSON, JULIE LUDWIG, KELLY PELKY, and HAANAH UTTER,

        Defendants.

Case No. 23-CV-1014-JPS

**ORDER**

      Plaintiff Kendrick Dane Sellers, an inmate confined at New Lisbon Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights by denying him medical care. ECF No. 1. On July 3, 2024, the Court issued a scheduling order with discovery to be completed on or before December 16, 2024, and a February 14, 2025 summary judgment deadline. ECF No. 24. On August 16, 2024, Plaintiff filed a motion for U.S. Marshal to serve subpoena. ECF No. 26.

      Under Federal Rule of Civil Procedure 45, a party may seek to compel a non-party for the production of documents, among other things, and for the inspection of premises. Fed. R. Civ. P. 45(c)(2). A person wishing to issue a subpoena must ask the Clerk of Court to provide him with a subpoena form; the Clerk of Court will sign a blank subpoena form and deliver it to the requesting party. Fed. R. Civ. Pro. 45(a)(3). The requesting party must then complete the form and make arrangements and pay for someone to serve the subpoena on the individual whom he wants to testify.

Fed. R. Civ. Pro. 45(a)(3), (b). Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for one day's attendance and the mileage allowed by law. Fed. R. Civ. Pro. 45(b)(1).

The Seventh Circuit has found that "Congress has not authorized waiver or advancement of witness fees on behalf of indigents. . . ." *Aiello v. McCaughtry*, 92 F.3d 1187 (7th Cir. 1996). The question of whether the Court can order service on behalf of an indigent plaintiff is less clear. Unlike Federal Rule of Civil Procedure 4, regarding a summons, Rule 45 does not mention the option for marshal service in its text. *Compare* Fed. R. Civ. P. 4(c) (requiring marshal service of a summons "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915") *with* Fed. R. Civ. P. 45(b) (providing only generally that any person who is at least 18 years old and not a party may serve a subpoena). Historically, however, Rule 45 previously allowed for marshal service of subpoenas. The Notes of the Advisory Committee on rules for the 1991 Amendment to Rule 45 are instructive. The notes provide: "The reference to the United States marshal and deputy marshal is deleted because of the infrequency of the use of these officers for this purpose. Inasmuch as these officers meet the age requirement, they may still be used if available." *Id.*

In *Tatum v. Clarke*, No. 11-CV-1131, 2015 WL 5971146, (E.D. Wis. Oct. 14, 2015), the court provided guidance on court-facilitated service for trial subpoenas. In that case, a pro se incarcerated prisoner requested an order from the court that the United States Marshal be directed to serve subpoenas upon twelve individuals whom he wanted to testify at trial. *Id.* *1. The court found that it would not issue such an order as to an inmate witness unless it was satisfied that the prospective witness: (1) was willing

to attend; and (2) had actual knowledge of relevant facts. *Id.* As to an unincarcerated witness who was not willing to testify voluntarily, the court would not issue such an order unless it was satisfied that the prospective witness: (1) had material testimony, i.e., actual knowledge of relevant facts; and (2) there was a necessity for such testimony. *Id.*

Although in slightly different circumstances, the Court finds the above-mentioned-guidance to be prudent and it will therefore closely analyze Plaintiff's request for marshal subpoena service. There are several issues with Plaintiff's subpoena as currently drafted. First, and most importantly, the Court questions how Plaintiff received a deputy clerk's signature in this case. There is no entry on the docket of this case showing that a deputy clerk issued the subpoena. Although the signature of the deputy clerk appears to be legitimate, it is unclear if the subpoena was issued for this case or for another case.[1] Second, the subpoena itself lacks important information, such as where and when documents are to be produced and what location is to be inspected. The handwriting is unclear as to whom the subpoena is directed. Plaintiff provides no information in his motion as to why this subpoena is necessary. Given the lack of specific detail as to each requested information, the Court is currently unwilling to order marshal service of the requested subpoena. The Court will therefore deny Plaintiff's motion to order Marshal service of his subpoena. Plaintiff will be given an opportunity to supplement his request and cure the deficiencies identified in this Order. However, if this information is available through Defendants and the normal course of discovery, the

---

[1] The case number appears to be whited out. *See* ECF No. 26-1.

Court encourages the parties to work together to provide Plaintiff with the documents he seeks.

Finally, Plaintiff is advised that if the Court later determines that his requests warrant court-facilitated service of any subpoenas, Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for U.S. Marshal to serve subpoena, ECF No. 26, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge